IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| **LOGAN WESLEY III** | § |
| *Plaintiff* | § |
| v. | §  Case No. 5:22-cv-00078-JRG-JBB |
| **SHERIFF JEFF NEAL, ET AL.** | § |
| *Defendants*. | § |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Logan Wesley III, a former inmate of the Bowie County Correctional Center proceeding *pro se* but not *in forma pauperis*, filed this lawsuit complaining of alleged violations of his constitutional rights. The case was referred to United States Magistrate Judge Boone Baxter in accordance with 28 U.S.C. § 636.

Plaintiff complains that he was assaulted by another inmate, Marquicce Jones, on July 3, 2020. He named Sheriff Neal, Captain Walker, Sgt. Malone, Sgt. Holt, Officer Novell, and Officer Adams as defendants in his lawsuit.

According to Plaintiff, he was housed in a protective custody area in the jail. Officer Adams came to get him to use the phone and had Officer Novell open his cell door even though Jones' cell door was open. When Plaintiff came out of his cell and turned to close his door, he says that Jones struck him on the right cheek.

Plaintiff stated that Sgt. Malone was the shift supervisor and waited some four hours before having Plaintiff transported to Wadley Hospital. He claimed that Malone also failed to ensure that Plaintiff received a liquid diet which he was ordered after the assault; he said that there were several days in which he went without eating and that he sometimes got his food several hours after the other inmates. According to Plaintiff, when his family called to complain, the officers began recording him getting his food, but it was still hours after other inmates had eaten.

Plaintiff said that Sgt. Holt placed him on suicide watch after he became upset that an officer named Menendez threw or dropped his liquid diet on the floor. The nurse came along a few minutes after Menendez did this and asked how Plaintiff was doing. Plaintiff said he replied that he was fine, but if they were trying to kill him, they were doing a good job. The nurse told Sgt. Holt that Plaintiff sounded suicidal and Holt took away Plaintiff's clothes, shoes, and blanket. Plaintiff stated that he remained that way for nine days in medical observation, with the lights on 24 hours a day and no TV or radio.

Plaintiff stated that Captain Walker put him in medical observation, which he described as equivalent to solitary confinement. He said that he stayed there for about two months without a TV or radio and the lights on 24 hours a day. Plaintiff complained that Captain Walker failed to contact the kitchen to ensure that he was fed like the other inmates and failed to make sure that Plaintiff had hot water to mix the powder given for his liquid diet.

According to Plaintiff, Sheriff Neal is in charge of the jail and is legally responsible for its operations. He said that unsafe conditions and lack of protocol in protective custody caused the assault to occur.

On May 18, 2023, the Magistrate Judge ordered Plaintiff to serve process upon the Defendants in accordance with the Federal Rules of Civil Procedure, providing instructions on how to do so. Summons were delivered to Plaintiff, and he was advised that any defendant not served within 90 days could be dismissed from the lawsuit without prejudice.

The docket does not reflect that any defendants were properly served. However, motions to dismiss have been filed by Sheriff Neal, Sgt. Malone, and Captain Walker, to which Plaintiff filed multiple responses. Sheriff Neal's motion to dismiss explains that he received the complaint by certified mail on July 17, 2023, through four envelopes, labeled "Sheriff Jeff Neal (Sgt. Malone)," "Sheriff Jeff Neal (CO Adams)," "Sheriff Jeff Neal (Capt. Walker)," and "Sheriff Jeff Neal (CO Novell)." At the time the envelopes were received, Walker and Malone were employed by the Bowie County Sheriff's Department, but Holt, Adams, and Novell were not. Copies of the envelopes attached to Sheriff Neal's motion to dismiss showed that they were sent by Plaintiff himself.

After review of the pleadings, the motions to dismiss, and the responses, the Magistrate Judge issued a Report and Recommendation on February 2, 2024, recommending that the motions to dismiss by Neal and Walker be granted, and the motion by Malone be granted in part and denied in part pending amendment of the complaint by Plaintiff. The Magistrate Judge also determined that Holt, Adams, and Novell were never properly served and should be dismissed from the lawsuit without prejudice under Fed. R. Civ. P. 4(m). In the interest of justice, the Magistrate Judge recommended suspending the statute of limitations on the claims against Holt, Adams, and Novell, to permit Plaintiff to refile in the event he could locate their addresses and effect proper service.

On February 5, 2024, after the Magistrate Judge's Report issued, Plaintiff filed seven motions which he styled as "motion[s] to file an amended extension to plaintiffs response to defendants motion to dismiss." (Dkt. Nos. 21-1, 22-27). These are in substance motions for leave to amend the complaint. Two of these motions related to Sheriff Neal, and there was one each for the other five defendants. Plaintiff also filed two motions, apparently seeking to add additional defendants, a nurse named Hillhouse and a physician at the University of Texas Health Center at Tyler. (Dkt. Nos. 28, 29). Plaintiff has also filed a motion to disqualify defendants' counsel due to a conflict of interest (Dkt. No. 32), a motion for leave to file the motion to disqualify (Dkt. No. 31), and objections to the Report and Recommendation (Dkt. No. 33).

Plaintiff's motions to amend referring to Sheriff Neal consist largely of claims of supervisory liability, which the Magistrate Judge correctly determined is not applicable in civil rights lawsuits. Plaintiff also asserts that the Sheriff violated federal criminal statutes and the Texas Administrative Code, that the Sheriff was indifferent to Plaintiff's medical needs by sending him to TDCJ without informing TDCJ of his medical condition, and that there was a widespread practice of allowing misconduct of subordinates to go unchecked. Plaintiff offers no specific facts in support of any of these claims, nor does he explain how he knows what information was provided to TDCJ about his medical condition. Plaintiff's motions to amend his complaint concerning Sheriff Neal are without merit.

Plaintiff's motion to amend his complaint concerning Captain Walker simply repeats the allegations he made against her in his original complaint, arguing that she housed him unconstitutionally and in violation of federal criminal statutes and that she did not ensure that he received his liquid diet or hot water to mix it. As stated by the Magistrate Judge, these claims fail to show any viable claim against Captain Walker. An alleged violation of a federal criminal statute does not give rise to a private cause of action unless there is a statutory basis for inferring that a civil cause of action lay with someone, which is not the case here. *Thomas v. Abebe*, 833 Fed. Appx. 551, 555 (5th Cir. 2020) (citing *Ali v. Shabazz*, 8 F.3d 22, 22 (5th Cir. 1993)). The motion to amend concerning Captain Walker is without merit.

Plaintiff's motion to amend his complaint against Sgt. Malone says that Malone made the decision for Adams to bring inmates to the book-in area to use the phone and that she could hear the conversation between Adams and Novell on the radio but did not intervene to stop Adams from opening the door. Plaintiff speculates that the fight between Jones and himself had to have been a set-up, as shown by the fact that the fight was less than two minutes long but Malone and two other officers arrived at the scene almost immediately. Plaintiff also says that Malone waited some six hours before getting him medical attention.

The fact that Malone decided to have inmates brought to the book-in area to use the phone does not make her liable for an incident which occurred when other officers were getting Plaintiff out of his cell to take to the book-in area. The fact that the fight was over in a short time and officers arrived quickly does not show that the fight was a "set-up" or otherwise demonstrate that Sgt. Malone should be liable. As the Magistrate Judge stated, the delay in taking Plaintiff to the hospital—expressed as four hours in Plaintiff's complaint and six hours in his motion to amend—do not amount to deliberate indifference to his serious medical needs. *See Johnson v. Richland Parish Detention Center*, Case No. 18-1091, 2019 U.S. Dist. LEXIS 116047, 2019 WL 3026987 (W.D. La. 2019), *report adopted at* 2019 U.S. Dist. LEXIS 115103, 2019 WL 3021827 (W.D. La. 2019); *Hardin v. LeBlanc Unit Medical Staff*, Case No. 1:19-cv-399, 2020 U.S. Dist. LEXIS

246127, 2020 WL 7873037 (E.D. Tex. 2020), *report adopted at* 2021 U.S. Dist. LEXIS 121, 2021 WL 25628 (E.D. Tex. 2021). These allegations fail to show any viable claim against Sgt. Malone.

While Plaintiff seeks to add claims against Holt, Novell, and Adams, his motions concerning them do not address Plaintiff's failure to effect service of process upon these defendants. Consequently, these motions are without merit.

Plaintiff also seeks to amend his complaint to add two new defendants, a nurse named Hillhouse and an unnamed physician at the University of Texas Health Center in Tyler. Plaintiff says that the nurse told Sgt. Malone that Plaintiff's jaw was broken and knew that prompt medical care was needed, but Plaintiff sat for six hours without any pain relievers. Plaintiff states that the unknown doctor at the University of Texas Health Center was negligent in his treatment of Plaintiff's broken jaw and did not wire his mouth which he should have. Plaintiff claims that a nurse told him that they were not going to wire his mouth "because they had been told not to" and that a trier of fact could find negligence as a matter of common knowledge.

Plaintiff offers nothing to suggest that he did not know of the existence of these claims at the time he filed his lawsuit in June of 2022. Plaintiff has shown no reason for waiting such an extraordinary length of time to seek to add these claims to his lawsuit. Adding these parties at this juncture would require the effecting of service of process upon them, resulting in additional delays, especially considering the identity of the doctor is as yet unknown. The Court has determined in its discretion that Plaintiff's motions for leave to amend to add these two additional parties at this late date should be denied. *See Thompson v. Texas Department of Criminal Justice*, 67 F.4th 275, 283 (5th Cir. 2023).

Plaintiff has also filed a motion to disqualify Defendants' counsel due to a conflict of interest. Plaintiff says that the Defendants are represented by Paul Miller of Miller James Miller & Hornsby, but that he, Plaintiff, was represented by Troy Hornsby, a partner in the firm, in his criminal appeal. Plaintiff contends that under Rule 1.09 of the Texas Rules of Professional Conduct, a former client disqualifies a former attorney and the personal conflict of one attorney is imputed to all members of the firm.

A conflict of interest with a former client arises if the lawyer's current representation bears a substantial relationship between the subject matter of the former and present representations. The subject matter need not be relevant in the evidentiary sense to be substantially related, but need only be akin to the present action in a way that reasonable persons would understand as important to the issues involved. *See In re American Airlines*, 972 F.2d 605, 614-15 (5th Cir. 1992); *Original LULAC Council No. 2 v. Rey Feo Scholarship Foundation*, slip op. no. 23-cv-1307, 2024 WL 646394 (W.D. Tex. Feb. 14, 2024). Rule 1.09 specifies that a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in a matter adverse to the former client (1) in which such other person questions the validity of the lawyer's services or work product for the former client; (2) if the representation in reasonable probability will involve a violation of Rule 1.05 [i.e., the revealing or disclosure of confidential or privileged information]; or (3) if it is the same or a substantially related matter.

Plaintiff has not shown that any of these circumstances apply in the present case. He has shown no relationship or connection between Troy Hornsby's representation of him in a criminal appeal of convictions for aggravated sexual assault of a child, sexual assault of a child, and indecency with a child by contact, and a civil rights lawsuit concerning an alleged assault by another inmate during his confinement in the Bowie County Correctional Center. He has not shown that any other person will question the validity of his lawyer's services, that Paul Miller's representation of the defendants in the present case will involve a violation of Rule 1.05, or that Plaintiff's criminal appeal and the present civil lawsuit involve the same or a substantially related matter. Even assuming that a violation of the Texas Rules of Disciplinary Conduct represented a basis upon which to set aside the Report of the Magistrate Judge, Plaintiff has failed to show such a violation, and his argument on this point is without merit.

In his objections to the Report and Recommendation, Plaintiff states that according to the legal standards for motion to dismiss, a court cannot dismiss a complaint for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. This was the former standard, which was set aside by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-62 (2007). The Magistrate

Judge set out the correct legal standard, which is that to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the plaintiff must plead enough facts to state a claim for relief which is plausible on its face. *Butler v. S. Porter*, 999 F.3d 287, 292 (5th Cir. 2021); *Severance v. Patterson*, 566 F.3d 490, 501 (5th Cir. 2009) (quoting *Twombly*, 550 U.S. at 570). A plaintiff meets this standard when he "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662. 677-78 (2009). A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. Courts need not accept legal conclusions as true, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.*

Plaintiff asserts that Defendants have failed to address the facts as required by Rule 8 and that such failure to deny means the matter is admitted if a responsive pleading is required. However, no responsive pleading has yet been required; the defendants have only filed a Rule 12(b)(6) motion to dismiss, which is not a responsive pleading. *See, e.g., Nix v. Major League Baseball*, 62 F.4th 920, 928 n.6 (5th Cir. 2023) (noting that "responsive pleadings include answers to complaints but not motions to dismiss"); Fed. R. Civ. P. 12(a)(4)(A) (a motion under Rule 12, including a motion to dismiss, sets off the time for filing a responsive pleading until 14 days after the Rule 12 motion is denied). Plaintiff's contention on this point is without merit.

Next, Plaintiff contends that all parties were properly served under Fed. R. Civ. P. 4(j)(2)(A) because the sheriff is "their executive officer." Rule 4(j)(2) provides that a state, a municipal corporation, or any other state-created governmental organization which is subject to suit must be served by delivering a copy of the summons and complaint to its chief executive officer, or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant. However, Plaintiff did not sue a state, municipal corporation, or a state-created governmental organization, but rather individuals, and so the service procedure set out in Rule 4(j)(2) does not apply. Even if Plaintiff had sued Bowie County itself, Plaintiff's contention would lack merit because the chief executive officer of the county is not the Sheriff, but the county judge.

*Davis v. County of Dallas*, Case No. 3:19-cv-1494, 2020 WL 1259143 (N.D. Tex. Feb. 18, 2020). Furthermore, as the Magistrate Judge observed, Plaintiff's attempt at service was also improper because he effected the service himself, despite specific instructions that service must be effected by a person not a party to the lawsuit. This objection is without merit.

Finally, Plaintiff asserts that he has "alleged factual predicate concrete enough to warrant further proceedings." (Dkt. No. 33 at 3). This general and conclusory assertion is insufficient to overcome the Magistrate Judge's careful analysis of Plaintiff's claims as set out in the Report and Recommendation. *See Battle v. U.S. Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987) (frivolous, conclusory, or general objections need not be considered by the district court). Plaintiff's objections are without merit.

The Court has conducted a careful *de novo* review of those portions of the Magistrate Judge's proposed findings and recommendations to which the Plaintiff objected. *See* 28 U.S.C. § 636(b)(1) (District Judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.") Upon such *de novo* review, the Court has determined that the Report and Recommendation of the Magistrate Judge is correct and the Plaintiff's objections are without merit. It is accordingly

**ORDERED** that the Plaintiff's objections are overruled and the Report and Recommendation of the Magistrate Judge (Dkt. No. 20) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the motions to dismiss of the Defendants Sheriff Neal and Captain Walker (Dkt. Nos. 11 and 13) are **GRANTED,** and the claims against these Defendants are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted. It is further

**ORDERED** that the motion to dismiss of the Defendant Sgt. Malone (Dkt. No. 12) is **GRANTED** as to the claim of delay in taking Plaintiff to the hospital, and **DENIED WITHOUT PREJUDICE** as to the claim of denial of food. Plaintiff shall amend his complaint within 30 days of the date of receipt of this order to set out specific facts concerning the alleged denial of food. Finally, it is

**ORDERED** that the claims against the remaining defendants are **DISMISSED WITHOUT PREJUDICE** for failure to effect service of process, with the statute of limitations suspended on these claims for a period of 60 days following the date of entry of final judgment.

The Clerk of the Court shall terminate Defendants Sheriff Neal, Captain Walker, Sgt. Holt, Officer Novell, and Officer Adams as parties to this lawsuit.

All pending motions in this case are **DENIED**.

**So ORDERED and SIGNED this 1st day of March, 2024.**

_____
RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE